**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DALLAS BRETT REDMON, SR.,**

    **Plaintiff,**

vs.                                                     Case No.: 4:17cv188-MW/CAS

**CENTURION LLC, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed an in forma pauperis motion on May 5, 2017. ECF No. 5. The motion was granted on July 21, 2017. ECF No. 6. Plaintiff's motion was supported by copies of his inmate bank account, revealing that although no deposits had been made in his account during the six months preceding case initiation, Plaintiff had maintained a balance of $109.83 over that period of time. ECF No. 5 at 5-11. Pursuant to the in forma pauperis statute, 28 U.S.C. § 1915(b)(1), Plaintiff was assessed an initial partial filing fee of $21.80 which was to be paid on or before August 25, 2017. ECF No. 6.

On August 18, 2017, Plaintiff filed a response to that Order, stating that he had "no spendable money" in his account.  ECF No. 7.  Attached to Plaintiff's response was a more current copy of his inmate account statement.  That statement also confirmed that no deposits had been made in Plaintiff's account, that he had maintained a balance of $109.83 each month, but which showed zero "spendable" funds.  ECF No. 7 at 3.

An Order was entered on September 26, 2017, requiring Plaintiff to file a response which clarified how he could maintain a balance of over one hundred dollars, but not use it to pay an assessed initial partial filing fee.  ECF No. 8.  Plaintiff's response was to be filed on or before October 31, 2017.  *Id.*  As of this date, no response has been filed.

Additionally, as a courtesy to Plaintiff, his complaint was reviewed.  ECF No. 1.  The last Order, ECF No. 8, explained that Plaintiff's complaint was insufficient to state a claim as filed and directed him to submit an amended complaint on or before October 31, 2017, if he desired to proceed with this case.  Again, nothing has been received from Plaintiff to move this case forward.  It is apparent that Plaintiff has abandoned this litigation.  Plaintiff was warned that this case would be dismissed if he did

not comply with that Order. ECF No. 8. By his noncompliance, Plaintiff has demonstrated his intent to dismiss this case.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on November 9, 2017.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**